## Case No. 17,839.

### WILSON v. STOLLEY.

[4 McLean, 272; 4 West. Law J. 371; 10 Law Rep. 81; 1 Fish. Pat. Rep. 146.] [1]

Circuit Court, D. Ohio.    April, 1847.

EQUITY PRACTICE — INJUNCTION — NOTICE—INTERROGATORIES.

1. Reasonable notice is required to be given to the defendant, of the time and place where a motion for an injunction will be made.

2. The defendant will be heard in opposition to the motion, and he is permitted to file his answer.

3. Affidavits will be received in behalf of both parties, especially in patent cases.

4. Under the rules of a court, a bill which requires an answer, must contain interrogatories.

[Cited in Steam Cutter Co. v. Sheldon, Case No. 13,331.]

[This was a motion by James G. Wilson for a provisional injunction to restrain the defendant John H. Stolley from infringing the letters patent for an "improved method of planing, tonguing, and grooving, and cutting into moldings, or either, plank, boards, or any other material, and for reducing the same to an equal width and thickness," etc., granted December 27, 1828, to William Woodworth, extended for seven years, from December 27, 1842, and reissued July 8, 1845. The questions of law and practice raised by the defendant are sufficiently set forth in the opinion of the court.] [2]

Telford & Norton, for complainant.
Walker & Fox, for defendant.

McLEAN, Circuit Justice. As this is an application to enjoin the defendants from an infringement of a patent, by the practice in such cases the defendant will be permitted to file his answer; and affidavits in behalf of both parties will be examined on the motion for injunction. The bill prays for an injunction, and that the defendant may answer, but it contains no interrogatories; and on this ground it is objected that the bill is de-

---

[1] [Reported by Hon. John McLean, Circuit Justice. 10 Law Rep. 81, contains only a partial report.]

[2] [From 1 Fish. Pat. Rep. 146.]

fective. The 5th section of the act of March 2, 1793 [1 Stat. 334], provides that "a writ of injunction shall not be granted in any case, without reasonable previous notice to the adverse party, or his attorney, of the time and place of moving for the same." This notice was designed to enable the defendant to resist the application for an injunction; and this resistance can be more effectually made by permitting the defendant to file his answer. Affidavits are heard in behalf of both parties, especially in patent cases. This course seems to come within the spirit of the above section, and it enables the judge to act on the motion with a better knowledge of the equitable rights of the parties. As no precise rules have been adopted in regard to this procedure, except that a reasonable notice shall be given of the time and place of the motion, it has been usual to give a reasonable time for the preparation of the answer and the taking of affidavits. The delay of the defendant in preparing his answer in this case, seems not to be unreasonable; and no very strong reason is perceived why the defendant should not be permitted to show, as preliminary to a motion for an injunction, that the bill, upon its face, is materially defective.

The question now made is, whether an original bill for relief, which calls upon the defendant to answer, must not contain interrogatories, under the rules of practice adopted by the supreme court. The 41st, 42d, and 43d rules make the interrogatories a part of the bill, and prescribe its form; and the 40th rule declares that "a defendant shall not be bound to answer any statement or charge in the bill, unless specially and particularly interrogated thereto; and a defendant shall not be bound to answer any interrogatory in the bill, except those interrogatories which such defendant is required to answer"—which must be specified in a note at the foot of the bill, in the form stated. From this it appears the defendant is not bound to answer the bill, unless special interrogatories, of the form required, are contained in it. The 18th rule declares, that "it shall be the duty of the defendant, unless the time shall be otherwise enlarged, for cause shown, by a judge of the court, upon motion for that purpose, to file his plea, demurrer, or answer to the bill in the clerk's office, on the rule day next succeeding that of entering his appearance; in default thereof, the plaintiff may, at his election, enter, an order (as of course) in the order book, that the bill may be taken pro confesso," etc. This rule applies to all bills where an answer is required. Now, if the bill contain no interrogatories, and the defendant is not bound to answer it, can he be in default for not answering? He can never be in default except for neglecting to do that which he was legally bound to do; and if he be not in default, no decree pro confesso can be entered against him. This seems to be a reasonable construction of the above rules,

and it gives to each one of them a proper effect.

The bill being defective for want of interrogatories, it is unnecessary now to consider the other objection, that the bill does not require an answer under oath.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]