MASON, Adm'r, etc., v. HARTFORD, PROVIDENCE & FISHKILL R. CO.
and others.

*(Circuit Court, D. Massachusetts. February 4, 1882.)*

1. EQUITY PLEADING—SPECIAL REPLICATIONS.

    A special replication which sets up in reply to a plea or a demurrer new matter, and matter accruing since the filing of the bill, will be ordered stricken out, on motion.

2. EQUITY PRACTICE—AMENDMENTS.

    New matter accruing since the bill was filed cannot be incorporated into the bill of revivor by amendment.

3. CASE STATED.

    To a bill of revivor, filed by the alleged administrators and trustees of the original complainant, a plea was put in setting up that it did not appear by the bill that the plaintiffs had ever been appointed administrators by a court of competent jurisdiction. A demurrer was filed to the bill by another defendant, on the same and other grounds. *Held*, that a replication setting out that since the filing of the plea and demurrer the plaintiffs had been appointed administrators by a court of competent jurisdiction, could not be sustained; and that such matter could not be set up by amendment.

In Equity. Decision upon defendants' motions to strike replications from the files, and to dismiss bill of revivor, and upon complainants' motion to withdraw replications, and amend bill of revivor.

*T. E. Graves, John F. Tobey,* and *A. & A. D. Payne,* for plaintiffs.

*S. E. Baldwin, Ropes, Gray & Loring, Brooks, Ball & Storey, G. W. Baldwin,* and *E. P. Nettleton,* for defendants.

COLT, D. J. In this cause a bill of revivor was filed August 14, 1880, by the alleged administrators and trustees of Earl P. Mason, the original complainant. To this bill one of the defendants, William T. Hart, put in a plea, setting up that it did not appear by said bill of revivor that the plaintiffs named therein had ever been appointed administrators of said estate by any court of competent jurisdiction in the state of Massachusetts, and that therefore the plaintiffs had no right to file said bill, that the court had no jurisdiction thereof, and praying that the bill might be dismissed. The New York & New England Railroad Company, another defendant, demurred to the bill upon this as well as other grounds. To this plea and demurrer the complainants in the bill of revivor filed separate replications, setting out, among other things, that since the filing of the plea and demurrer they had been appointed administrators of the estate of the said Earl P. Mason in the state of Massachusetts.

The defendant William T. Hart now moves—*First,* that the replication to his plea be stricken from the files, because it is special, and sets up new matter, and matter accruing after the filing of the bill of revivor; and, *second,* that the bill of revivor be dismissed, because the complainants have not taken issue on the plea, nor set the same down to be argued, though the same has been filed more than a year.

The New York & New England Railroad Company also move that the replication to the demurrer be stricken from the files, and that the bill of revivor be dismissed, because the complainants have not set the demurrer down for argument, though filed over one year before.

It is apparent that the replications here filed are special, setting up new matter, and matter accruing since the filing of the bill of revivor; therefore they are irregular. By equity rule 45, of the United States court, "no special replication to any answer shall be filed."

In *Vattier* v. *Hinde,* 7 Pet. 252, 274, the supreme court declare that no special replication can be filed except by leave of the court; holding it to be contrary to the rules of a court of chancery for the plaintiff to set up new matter necessary to his case by way of replication; that omissions in a bill cannot be supplied by averments in the replication; and that a plaintiff cannot be allowed to make out a new case in his replication. This is equally true whether it is an answer or plea that is replied to. See Daniell, Ch. Pl. & Pr. (4th Ed.) 828, note 1. "Matters in avoidance of a plea, which have arisen since the suit began, are properly set up by a supplemental bill, not by a special replication;" citing *Chouteau* v. *Rice,* 1 Minn. 106. In Mitford & Tyler, Pl. & Pr. in Eq. 412, 413, we find, "special replications, with all their consequences, are now out of use, and the plaintiff is to be relieved according to the form of the bill, whatever new matters have been introduced by the defendant's *plea* or *answer.*" The replications to the plea and demurrer cannot be sustained.

The second motion of the defendants, that the bill of revivor be dismissed, is based upon equity rule 38, which provides that if the plaintiff shall not reply to any plea, or set down any plea or demurrer for argument, on the rule-day when the same is filed, or on the next succeeding rule-day, he shall be deemed to admit the truth and sufficiency thereof, and his bill shall be dismissed as of course, unless a judge of the court shall allow him further time for the purpose.

It appears in this case that the bill of revivor was filed August 14,

1880; the plea and demurrer, September 6, 1880; the replications, July 30, 1881; and that soon after (August 4th) the plaintiffs' counsel asked the court to fix a day for the argument. It further appears that after the filing of the plea and demurrer, September 6, 1880, a stipulation was entered into by counsel upon both sides extending the time for hearing to the November rule-day, 1880, meantime the complainants to be allowed to file proper pleadings in reply to said plea and demurrer. By further written agreements between counsel the postponement provided for by this stipulation was extended monthly until February, 1881. Then we find a further stipulation as follows:

"It is hereby agreed that no movement on either side shall·be made in this cause until May, 1881, without prejudice to complainants' right to file evidence of appointment as administrators in Boston."

By the affidavit of Mr. Payne, one of complainants' counsel, it appears that in October or November, 1880, Mr. Lothrop, one of defendants' counsel, stated, in effect, that while he would sign the stipulation, the complainants' counsel might take their own time about bringing the case to a hearing.

In the light of all these circumstances it is fair to presume that complainants' counsel understood that any rigid enforcement of the rule now invoked had been waived, impliedly by acts and conduct, if not in express terms; and we are of this opinion.

Considering the repeated postponements which had taken place, for the mutual accommodation of both sides, so far as appears, the language used by defendants' counsel as to time of hearing; and bearing also in mind that the replications were filed within three months after May, 1881; and that within a week thereafter the plaintiffs moved the court to set a time for hearing,—it would, we think, be inequitable to allow the defendants' motion to dismiss to prevail. Indirectly, as bearing on this question of laches, reference is made to the fact that the original bill in this case was brought in 1871, the answer filed in 1873, the replication not put in until 1875; also, that the original complainant died in 1876, and that the bill of revivor was not brought until 1880. In answer to this charge, the complainants say that the delay has been owing to the pendency of another suit in the state court of.Rhode Island, the determination of which might affect the prosecution of this suit, and that, consequently, the delay was acquiesced in by both sides. They further state that within a short time after the final decision by the Rhode

Island state court the bill of revivor was filed, and that they are now anxious to speed the cause.   Under these circumstances, and in the absence of any motion on the part of the defendants to speed the cause, we do not see how the charge of laches can be seriously pressed; at least, so far as the present motion is concerned.

The complainants, in the event of their replications being held to be bad, ask leave to withdraw them, and to amend their bill of revivor by inserting, among other things, the fact that they were on the twenty-fifth day of July, 1881, by the court of probate for the district of Suffolk, in the state of Massachusetts, duly appointed administrators of the estate of Earl P. Mason.   The defendants object, upon the ground that this is new matter, accruing since the filing of the bill, which cannot be set up by amendment, but only by supplemental bill. ˙ It is true that events which have happened since the filing of a bill cannot be introduced by way of amendment, and that as a general rule they may be set out by supplemental bill. Equity Rule 57, U. S. Court.

In Daniell, Ch. Pl. & Pr. (4th Ed.) 1515, note 1, we find "an original bill cannot be amended by incorporating anything therein which arose subsequently to the commencement of the suit. ˙ This should be stated in a supplemental bill."   And again, on page 828, note 1, (already cited,) it is laid down that matters in avoidance of a plea, which have arisen since the suit began, are properly set out by a supplemental bill.   Mitford & Tyler, Pl. & Pr. in Eq. 159; Story Eq. Pl. § 880.   But in this case it is difficult to see how a supplemental bill can be brought.   The bill of revivor has not become defective from any event happening after it was filed.   But originally, when it was brought, it was wholly defective; for the fact that the plaintiffs were appointed administrators by the proper court in Massachusetts was necessary to its maintenance.   *Mellus* v. *Thompson*, 1 Clif. 125.   And yet this event happened, as the record discloses, nearly a year after it was brought.   If the bill is wholly defective, and there is no ground for proceeding upon it, it cannot be sustained by filing a supplemental bill, founded upon matters which have subsequently taken place.   *Candler* v. *Pettit*, 1 Paige, Ch. 168.

In *Pinch* v. *Anthony*, 10 Allen, 471, 477, the court observe:

" We have found no authority that goes so far as to authorize a party, who has no cause of action at the time of filing his original bill, to file a supplemental bill in order to maintain his suit upon a cause of action that accrued

after the original bill was filed, even though it arose out of the same transaction that was the subject of the original bill." Daniell, Ch. Pl. & Pr. (4th Ed.) 1515, note.

We are of the opinion that this new matter cannot be incorporated in the bill of revivor by amendment, nor introduced in a supplemental bill, and that the proper course for the complainants to pursue is to bring a new bill of revivor.

(1) The defendants' motion to strike from the files complainants' replications to plea and demurrer is granted. (2) The defendants' motion to dismiss bill of revivor is denied. (3) The complainants' motion to amend bill of revivor is denied.