### GENERAL ELECTRIC CO. v. WAGNER ELECTRIC MFG. CO.

(Circuit Court, S. D. New York. May 8, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—TITLE TO SUPPORT.
    A plaintiff shows title to a patent to support an action thereon where it runs to the patentee as assignor to plaintiff, which is equivalent to running to plaintiff as assignee.

2. SAME—EVIDENCE—STIPULATION.
    Where a fact is stipulated on the record during the taking of testimony, it is evidence in the case, and cannot be withdrawn by one party without the consent of the other or an order of court.

8. SAME—DISTRICT OF SUIT—WAIVER OF OBJECTION.
    The Circuit Courts of the United States having full jurisdiction of patent cases, the limitation in respect to the district of residence of a defendant or of place of business and acts of infringement may be waived, and the objection cannot be made after the case has proceeded beyond the pleadings, and into the taking of testimony.

4. SAME—ELECTRICAL TRANSFORMERS.
    The Moody patent, No. 591,869, for an electrical transformer, the distinguishing feature of which is the separation of the primary and secondary coils and the core, and the arrangement of passages for the circulation of air for cooling purposes, was not anticipated, and discloses invention. Also held infringed as to claims 4, 5, 6, and 11.

---

¶ 3. Waiver of right as to district in which suit may be brought, see note to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192.

In Equity. Suit for infringement of letters patent No. 591,869, for an electric transformer, granted October 19, 1897, to Walter S. Moody. On final hearing.

Drury W. Cooper and Thomas B. Kerr, for plaintiff.
James H. Bryson and A. C. Fowler, for defendant.

WHEELER, District Judge. This suit is brought by a corporation of New York against a corporation of Missouri having a place of business in this district and its agent in charge upon patent No. 591,869, dated October 19, 1897, and granted to Walter S. Moody, assignor to the plaintiff, for an electric transformer. The specification sets forth:

"The present invention relates to transformers specially intended for very high voltages, as twenty thousand to thirty thousand volts, for example, and has for one of its objects to so arrange the energizing coils that they are well insulated from the surrounding core and from each other, at the same time providing suitable means for ventilation.

"The invention also has for its object to provide a transformer having two complete and separately controlled systems of cooling, one being for the coils and the other for the laminated core.

"In transformers intended for very high voltage, a large amount of insulation is required between the primary and secondary coils, and where this insulation is applied directly to the coils it is very difficult to keep the temperature of the transformer down to a proper degree, owing to the slowness with which heat can be absorbed from the coils through the insulation. To overcome this objection, I form the coils into any desired shape, the turns being insulated from each other in the usual manner, and the coils as a whole may be covered by tape or other insulation, but preferably such insulation is limited in amount. The insulation required to insulate the turns from one another, and any additional insulation applied, when desired, directly to a complete coil, will be relatively small compared with what would be necessary to form a safe insulation between the primary and secondary coils or between the primary coils and the core, and will not prevent the absorption of heat to any considerable extent.

"The insulation thus applied forms a sort of open-work structure having a number of channels or air passages, preferably closed or substantially closed from one another, and open top and bottom to allow a free circulation of air between the different windings and between the coils and insulation.

"It will be seen that there are two separate ventilating systems for cooling the transformer, one for the coils, the other for the iron, and that each of them is controlled independently of the other."

The claims in controversy are:

"(4) In a transformer, the combination of primary and secondary windings with passages extending between the windings for the circulation of a cooling medium, and a laminated iron core with a second set of passages, through which circulates an insulating cooling medium, said sets of passages forming independent cooling and ventilating systems, one for the coils and one for the core.

"(5) In a transformer, the combination of primary and secondary windings, a laminated iron core, passages extending between the windings through which an insulating medium circulates to cool the windings, a second set of passages extending through the iron core independent of the first, in which an insulating medium circulates to cool the iron, and means for regulating the circulation through both sets of passages.

"(6) In a transformer, the combination of primary and secondary windings, a laminated core, means for maintaining an up-and-down circulation

of air through the coils, and means for maintaining a traverse circulation of air through the iron core, both circulations being independent.

"(7) In a transformer, the combination of primary and secondary windings separated by air passages, a laminated core divided into sections, and air passages independent of those between the windings formed between the sections, a common source of air supply, and means for regulating the flow of air through each set of passages independently."

"(11) In a high-potential transformer, the combination of primary and secondary windings divided into, sections, a laminated core, an insulating case between the core and the windings, air passages between the case and the windings, insulating cases surrounding the primary winding and separating it from the secondary, the cases being provided with open ends which project above and below the ends of the coils so as to increase the creeping or leakage surface, air passages between the primary coils and the casings, and a common chamber supplying air for both sets of passages.

"(12) In a transformer, the combination of primary and secondary windings separated by air passages, a laminated iron core divided into sections, a set of air passages between the sections and independent of the first, an air chamber in the base supplying air to the passages between the windings, and a chamber located on one side of the laminæ and connecting with the chamber in the base for supplying air to the passages between the core sections.

"(13) In a transformer, the combination of primary and secondary windings, a laminated iron core, air passages extending .in a vertical direction through the windings, air passages extending through the iron in a direction transverse to and independent of the first set, an air chamber in the base, a chamber located on one side of the core communicating therewith and supplying air to the core passages, and means for regulating the passage of air through both sets of passages independently."

The defendant insists that the plaintiff has not shown title; but the patent runs to Moody, assignor to the plaintiff, which is equivalent to running to the plaintiff as assignee of Moody, and amounts to a grant of the monopoly to the plaintiff.

The defenses set up are many anticipations, and noninfringement, especially of claims 12 and 13. The bill does not specially allege, nor the answer deny, acts of infringement within the district, but in the course of the taking of the plaintiff's testimony a sale of apparatus that might be an infringement was stipulated on the record. The defendant gave notice of withdrawal of the stipulation without moving to have it vacated, and for want of other proof of infringement insists that jurisdiction here fails. But the stipulation is of record, and is evidence of the fact, and it could not be removed from the record, nor its effect as evidence be done away with, by one party to it without the consent of the other party or an order of court. Being on record, unaffected by the attempted withdrawal and in full force, full effect must be given to it. Besides this, the Circuit Courts of the United States have full jurisdiction of patent cases. The limitation as to the district of residence of the defendant, or of place of business and acts of infringement, relates merely to the place of suit, and may be waived. As this case proceeded beyond the pleadings into the taking of testimony, which was like going to trial in an action at law, without any point as to its place being made, that objection would seem to have gone by.

The distinguishing features of this invention seem to be.the separation of the primary and secondary coils and the core, and arranging the chambers for cooling ventilation from below perpendicularly

through the coils, and transversely between the layers of the core, instead of immersing the coils and core in a case filled around them with oil to take off the generated heat. Many prior patents and structures have some, and together perhaps all, of these parts with oil as a cooling medium; but none of them has this arrangement for the separation of the coils and core and the use of air for that purpose, nor any arrangement in which air could be substituted for oil so as to constitute the combination of the patent. This new arrangement by which air can be successfully used, and this new use of air in this combination for this purpose, was a useful improvement, involving invention.

These claims, covering these features, do not appear to have been anticipated, and the patent for them to the plaintiff is accordingly held to be valid.

The devices covered by the stipulation seem to be infringements in fact of the claims in question, except 12 and 13, and the plaintiff is therefore entitled to a decree.

Decree for plaintiff on claims 4, 5, 6, 7, and 11.