GOODNO et al. v. HOTCHKISS et al.

(District Court, D. Connecticut. February 26, 1916.)

No. 1437.

1. EQUITY ⟨⟩209—PLEADING—REPLICATION—"COUNTERCLAIM."

Equity rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) provides that the answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against plaintiff which might be the subject of an independent suit in equity against him, and that such set-off or counterclaim shall have the same effect as a cross-suit. Rule 31 provides that, unless the answer asserts a set-off or counterclaim, no reply shall be required without special order of the court or judge, and that, if the answer include a set-off or counterclaim, the party against whom it is asserted shall reply within 10 days. In a suit to enforce a family agreement for the division of an estate in the proportions indicated in an unsigned will, and to require an accounting by the executrix and administratrix of parties to the agreement as to property received by them upon a division which it was alleged was not in accordance with the agreement, one of the defendants filed a pleading, denominated an "answer," but which, after denying in part and admitting in part the allegations of the complaint, and pleading limitations and a former adjudication, asked for certain orders, judgments, and decrees. *Held* that, unless the answer was amended, so as to omit the prayers for affirmative relief, a replication to the answer must stand, as the word "counterclaim," in the rules, must be taken to be a general and comprehensive term, in-

cluding all counter demands which might be the subject of an independent suit in equity, so as to enable the court to pronounce final judgment in the same suit, both on the bill of complaint and the answer.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 481; Dec. Dig. &⇒209.

For other definitions, see Words and Phrases, First and Second Series, Counterclaim.]

2. EQUITY &⇒208—PLEADING—"CROSS-BILL."

Matter pleaded in an answer was not a "cross-bill," so as to require a reply, unless it was brought against plaintiff, or against other defendants, or against both, touching the matters in question in the original bill, either to obtain a discovery of facts in aid of defense to the original bill, or to obtain full and complete relief as to the matters charged in the original bill, when otherwise a complete decree could not be made.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 479, 480; Dec. Dig. &⇒208.

For other definitions, see Words and Phrases, First and Second Series, Cross-bill.]

3. EQUITY &⇒208—PLEADING—COUNTERCLAIM.

Matter pleaded in an answer to a bill in equity was not a "counterclaim," so as to require a reply, unless it stated matters arising out of the same transaction.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 479, 480; Dec. Dig. &⇒208.]

In Equity. Suit by Louise T. Goodno, individually and as executrix of Nathaniel S. Hotchkiss, deceased, and another, against Marie O. Hotchkiss, individually, as executrix of Mary A. F. Hotchkiss, deceased, and as administratrix of William H. Hotchkiss, deceased, and another. On motions to strike out special replications to the answers. Motion of the defendant Yale University granted, and motion of the defendant Hotchkiss granted conditionally.

Prentice W. Chase, A. McC. Mathewson, and Ernest L. Averill, all of New Haven, Conn., for plaintiffs.

George D. Watrous, of New Haven, Conn., for defendant Hotchkiss.

Leonard M. Daggett, of New Haven, Conn., for defendant Yale University.

THOMAS, District Judge. These are motions to strike from the files the special replications to the separate answers of these defendants. Louise T. Goodno, one of the plaintiffs, is the executrix of the last will and testament of Nathaniel S. Hotchkiss, deceased, a son of Henry O. Hotchkiss, deceased, who died, domiciled in New Haven, some time about 1884. The other plaintiff is William C. Goodno, the husband of the said Louise T. Goodno.

The bill is filed in the name of Louise T. Goodno, as executrix of the last will and testament of said Nathaniel S. Hotchkiss, deceased, and individually in her own right. The defendants are Marie O. Hotchkiss, individually and as executrix of the last will and testament of Mary A. F. Hotchkiss, widow of the said Henry O. Hotchkiss, and as administratrix of the estate of William H. Hotchkiss, deceased, a son of said Henry O. Hotchkiss, deceased, and Yale University.

The bill of complaint charges in substance that said Henry O. Hotchkiss, deceased, left an unsigned will, and that, following his death, the widow, Mary A. F. Hotchkiss, and his three children surviving him, to wit, Marie O. Hotchkiss, William H. Hotchkiss, and Nathaniel S. Hotchkiss (father of the plaintiff, Louise T. Goodno), mutually agreed in writing to divide the estate of said Henry O. Hotchkiss, when ready for distribution, among themselves in the proportions indicated by him in his unsigned will, and thereafter a division was effected. It is further alleged in the bill that this division did not carry out and effect the actual intention manifested in the unsigned will; that after this division was made, said Mary A. F. Hotchkiss settled her account as administratrix; that thereafter said Mary A. F. Hotchkiss drafted a will in her own handwriting, which was duly executed, and which, with subsequent codicils, was, after her death in 1912, admitted to probate; that the estate of said Mary A. F. Hotchkiss consisted in part of property which she had obtained from her husband under this division, and in violation of the provisions of the unsigned will, and also in part of property which she had obtained from the estate of her son, William H. Hotchkiss, who had predeceased her, and which was given to him in violation of the provisions of the unsigned will and the agreements thereunder, and that all of said property so obtained by said Mary A. F. Hotchkiss was subject to a trust arising from the actual agreement and the terms of the unsigned will; that the defendant Marie O. Hotchkiss was the executrix of said will and coditils of her mother, Mary A. F. Hotchkiss, and was also the administratrix of her brother's estate, and that Yale University is a legatee named in said will of Mary A. F. Hotchkiss; and that certain parts of said will are vague and indefinite.

The bill of complaint then prays that the agreement be given its true effect by this court, and also demands its enforcement pursuant to the provisions of the unsigned will as construed by the plaintiff, and the real intent of the parties as claimed by the plaintiff; that the amount of the share belonging to the estate of Nathaniel S. Hotchkiss, deceased, or due his heir at law, Louise T. Goodno, be ascertained, and that judgment be rendered for said amount against the defendants, who now hold or claim said property; that the mutual distribution of January 9, 1884, be set aside on the ground that it was made by mistake, and is unjust and inequitable and without consideration, and that it be corrected to conform to the true intent and meaning of the parties; a construction of the will of Mary A. F. Hotchkiss; an accounting from Marie O. Hotchkiss, as executrix, of all the property coming to her formerly belonging to the estate of Henry O. Hotchkiss, deceased, its earnings and increase from the date of the division; and accounting from said Marie O. Hotchkiss individually for all moneys she has received from the principal of the estate of the said Henry O. Hotchkiss from the date of the mutual agreement; and a judgment that she be directed to pay said moneys into court for the purpose of apportioning the same under the agreement; an accounting from said Marie O. Hotchkiss, as administratrix of the estate of her brother, William H. Hotchkiss, deceased, for all moneys and proper-

ties received by William H. Hotchkiss during his life, or by her as administratrix since his decease, and to pay into this court such sums as may be found to have been received by said William H. Hotchkiss over and above his lawful share in the estate of his father, Henry O. Hotchkiss.

Separate answers have been filed to this bill of complaint by the defendants Marie O. Hotchkiss, individually and as executrix and administratrix, and by Yale University. These answers deny in part and admit in part the allegations of the complaint, and further allege the defenses of the statute of limitations and a former adjudication of the matters involved in the bill by the state courts of Connecticut in litigation to which all of the parties were either parties or privies. The answer of Marie O. Hotchkiss is denominated an "answer," and is drawn in the form of an answer, save that at the end she asks for certain orders, judgments, and decrees which the plaintiffs now strenuously contend are in the nature of affirmative relief, so that the answer is in effect a cross-bill or counterclaim. To these separate answers special replications have been filed, denying all matters affirmatively alleged, and setting forth other matters in confession and avoidance of the special defenses alleged in the answers.

[1] If it were not for the plaintiffs' contention that the answer of Marie O. Hotchkiss is in effect and substance a cross-bill or counterclaim, and not an answer, the disposition of these motions would present no serious question.

Prior to 1842 special replications in equity had fallen into disuse, and they were not permitted, save by leave of the court in extraordinary cases. It was always required that new matter, or matter in response to allegations in the answer, should be set up by amendments to the bill, and could not be supplied by averments in the replication. Taylor et al. v. Benham, 5 How. 233, 12 L. Ed. 130; Wilson v. Stolly, 4 McLean, 272, Fed. Cas. No. 17,839; Coleman v. Martin, 6 Blatch. 291, Fed. Cas. No. 2,986; Vattier v. Hinde, 7 Pet. 252, 274, 8 L. Ed. 675; Story's Equity Pleadings, §§ 676, 679, 878; Mitford & Tyler, Pleadings and Practice in Equity, 413; Swift's Digest (Ed. 1822) vol. 2, p. 245.

In 1842 the Supreme Court promulgated equity rule 45 (see Dewhurst's Rules of Practice in United States Courts [2d Ed.] p. 394), providing that "no special replication to any answer shall be filed," and that if any matter alleged in the answer shall make it necessary for the plaintiff to amend his bill he may have leave to amend the same, with or without the payment of costs, as the court or a judge thereof may in his discretion direct. This rule was construed by the Supreme Court as meaning that:

"A general replication is always sufficient to put in issue every material allegation of an answer or amended answer, unless the rules of pleading imperatively require an amendment of the bill." Mr. Justice Harlan in Southern Pacific Railroad v. United States, 168 U. S. 1, 57, 18 Sup. Ct. 18, 30, 42 L. Ed. 355.

And in Mason, Adm'r, etc., v. Hartford, Providence & Fishkill R. Co. (C. C.) 10 Fed. 334, a special replication to a plea and demurrer

was stricken from the files by Judge Colt in accordance with the rule.

Rule 31 of the New Equity Rules promulgated by the Supreme Court in 1912 (198 Fed. xxvii, 115 C. C. A. xxvii), which is new and largely based on the English practice, has done away with *all* replications to answers by providing that:

"Unless the answer assert a set-off or counterclaim, no reply shall be required without special order of the court or judge, but the cause shall be deemed at issue upon the filing of the answer, and any new or affirmative matter therein shall be deemed to be denied by the plaintiff."

The only difference between this rule and the English rule upon which it is based is that the latter is peremptory in all cases, while the former merely does not require a reply.

It is clear from an examination of the pleadings that the plaintiffs' reply to the answer of Yale University is contrary to both the letter and the spirit of present rule 31, and contrary also to the long-established practice in equity as shown by the authorities cited, and the motion to strike it from the files is granted.

[2, 3] The answer of Marie O. Hotchkiss, however, presents another question. The matter pleaded by her is clearly not a set-off, nor is it a cross-bill, unless it is brought against the plaintiff, or against other defendants, or against both, touching the matters in question in the original bill, either to obtain a discovery of facts in aid of defense to the original bill, or to obtain full and complete relief as to the matters charged in the original bill, when otherwise a complete decree could not be made. Story's Equity Pleadings, § 389; Mitford & Tyler, Pl. & Pr. in Equity, 178; Daniell's Chancery Pl. & Pr. vol. 2, 1548; Ayres v. Carver, 17 How. 595, 15 L. Ed. 179. Nor is it a counterclaim unless it states matters which have arisen out of the same transaction. The word "counterclaim," as used in rule 31 and the preceding rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi), must be taken to be a general and comprehensive term including all counter demands (Boothe v. Armstrong, 76 Conn. 530, 57 Atl. 173), which might be the subject of an independent suit in equity, so as to enable the court to pronounce final judgment in the same suit both on the bill of complaint and the answer. It would seem as if the affirmative relief demanded by the defendant Marie O. Hotchkiss is unnecessary, and that her answer would be complete without it; but it is her privilege to insist upon it, if she so desires. Equity rule 30.

The conclusion therefore is that, in view of the form in which the defendant Marie O. Hotchkiss has filed her answer, the replication must stand. If, however, her attorney desires to amend his answer by striking out at its conclusion the prayers for affirmative relief within 10 days, the motion of Marie O. Hotchkiss to strike the replication from the files will be granted; otherwise, it will be denied.

Ordered accordingly.