## FAHRENWALD et al. v. COPE et al.

### No. 2511.

District Court, N. D. Ohio, E. D.

Jan. 9, 1930.

252

Smith & Freeman, of Cleveland, Ohio, for plaintiffs.

Frease & Bond, of Canton, Ohio, for defendants.

WEST, District Judge.

In paragraph 2 of their bill, plaintiffs allege that the suit is brought under R. S. § 4915, as amended by the Act of March 2, 1927 (35 USCA § 63), to obtain the grant of a patent after refusal thereof by the Commissioner of Patents. The bill alleges that in the Patent Office an interference was declared between the plaintiff Fahrenwald and the defendant Cope on March 26, 1925. On May 27, 1926, the Examiner of Interferences awarded priority to Cope of counts 1 and 3, and to Fahrenwald of counts 2 and 4. On appeal by both parties, the Board of Examiners in Chief on April 25, 1927, affirmed the award to Cope of counts 1 and 3, and to Fahrenwald of count 2, but reversed the award of count 4 to Fahrenwald and gave this latter to Cope. On April 30, a few days before the Act of March 2, 1927 (44 Stat. 1335) went into effect, Cope appealed, and a day or two after said act became effective Fahrenwald also appealed, both appeals being taken to the Commissioner of Patents, who rendered his decision November 26, 1927, affirming the Examiners in Chief and awarding priority of counts 1, 3, and 4 to Cope and of count 2 to Fahrenwald. Cope thereupon appealed to the Court of Appeals of the District of Columbia under authority of section 9 of the Act of February 9, 1893 (27 Stat. 436). Fahrenwald did not appeal, but endeavored to have Cope's appeal dismissed through the filing of a notice under R. S. 4911, as amended (35 USCA § 59a), of his (Fahrenwald's) election to have further proceedings conducted as provided in R. S. 4915, as amended (35 USCA § 63). Not succeeding in this effort, he and his licensee filed this suit on January 31, 1928.

Defendants' answer challenges jurisdiction of the court to entertain the suit under amended section 4915 (35 USCA § 63), which it is averred did not apply to Fahrenwald's proceedings; sets up the general defense and also a counterclaim. The counterclaim seeks a patent to Cope embracing count 2, which the Commissioner of Patents awarded to Fahrenwald. Plaintiffs have answered the counterclaim, among other defenses stating that, while defendants maintain their appeal in the Court of Appeals, their counterclaim cannot be maintained in this court. The counterclaim contains no averment that the Court of Appeals has reached a decision on the appeal of Cope.

Both parties moved that the points of law involved, which points the court construes to mean the jurisdiction of the bill and counterclaim, and the legal sufficiency of each, might be called up and disposed of before final hearing; and these questions have been argued and elaborately briefed.

Amended section 4915 (35 USCA § 63), under which the plaintiffs bring this suit, contemplates a prior decision by the newly created Board of Appeals, adverse to the complainant. So also R. S. 4911, as amended (35 USCA § 59a) contemplates such adverse decision of the Board of Appeals as a condition of the right of a party defeated in an interference to appeal to the Court of Appeals of the District of Columbia (now to the Court of Customs and Patent Appeals).

■ The fact that the decision from which Cope appealed to the Court of Appeals was rendered by the Commissioner of Patents and not by the Board of Appeals was sufficient

reason for the retention of the appeal by the appellate tribunal, notwithstanding Fahrenwald's notice given under section 4911 *as amended* (35 USCA § 59a).

Before a party defeated in an interference proceeding can file his bill in equity under amended section 4915 (35 USCA § 63), he must show that no appeal has been taken from the *decision* of the Board of Appeals to the Court of Appeals (Customs and Patent Appeals), or, if taken, that it was dismissed prior to decision. Before the amendment, a suit in equity would lie only after an unsuccessful appeal to the Court of Appeals. As Fahrenwald failed to take this latter appeal, he could not have and is not claiming a right to maintain his present suit under the old law; and, as his bill does not aver that he pursued the legal remedy provided for him by the new law, resulting in an adverse decision by the Board of Appeals, he is not entitled to maintain his suit under the amendatory act; this right being plainly conditioned upon the existence of such an adverse decision.

On May 2, 1927, when the Act of March 2 became effective, Fahrenwald's appeal to the Examiners in Chief had been heard and decided, but he had not appealed from that decision, although the time for appeal had not expired. Section 15 of the amendatory act (35 USCA § 7, note) provided that in such cases appeals and other proceedings might be taken under the statutes then in force, which, for this purpose, were continued in effect notwithstanding the amendments.

Fahrenwald certainly had the right, therefore, to appeal to the Commissioner, and this right he exercised. He had the further right to appeal from the decision of the Commissioner to the Court of Appeals, but this he failed to do. Had he taken such an appeal and sustained a defeat, he would have had the right to another proceeding, to wit, a suit in equity under R. S. 4915 as it stood prior to amendment. All this, I understand, his counsel admits, but says that the language near the end of section 15 of the amendatory act (35 USCA § 7, note), "may be taken," while it gave him these rights, did not compel him to exercise them; and it is his contention that the amendatory act also gave him the benefit of its provisions—he not being in precisely the situation of one whose appeal was then *pending* and heard, but had not been *decided* by the Examiners in Chief, as to which appeals it is agreed the new act had no effect whatever.

Assuming that this highly technical view is correct, and that Congress intended that Cope's appeal must be taken under the old law, but that Fahrenwald, after using the same law to the extent of appealing to the Commissioner of Patents after the new law became effective, might, in his further appeals or proceedings, resort either to the old or the new statutes at his election, with the result that two branches of the same case might be simultaneously before different tribunals, still the fact remains that any right of Fahrenwald to maintain this suit under the new law is conditioned as above stated, upon the existence of an adverse decision of the Board of Appeals; and the bill alleges no such decision.

The result seems to be that Fahrenwald's only available means of reaching the point where he could file a bill in equity was furnished by the old law, and that, as to such "other proceedings," the word "may" in section 15 of the amendatory act (35 USCA § 7, note) of necessity means "must."

But what the court decides is that the bill, which expressly states that it is filed under the amended law, and that the Commissioner of Patents has refused the desired patent to Fahrenwald, fails to state a case, because it fails to show that Fahrenwald exhausted his legal remedies under the new law (assuming it to apply), or under the old law either, for that matter.

Defendants' counterclaim is defective in the same respect. It fails to allege any refusal of Cope's application by the Court of Appeals, which is made a condition to a suit in equity under section 4915 as it stood before amendment.

The subject-matter of both bill and counterclaim is clearly within the jurisdiction of this court, and the parties are before it, and I think Equity Rule 30 authorizes the counterclaim. Moore v. N. Y. Cotton Exchange, 270 U. S. 593, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370; Cleveland Eng. Co. v. Galion D. M. Truck Co. (D. C.) 243 F. 405; Champion Spark Plug Co. v. Champion Ignition Co. (D. C.) 247 F. 200. The motion to dismiss the bill is sustained, not for want of jurisdiction, but for its failure to state facts constituting a cause of action in equity. As the counterclaim is understood to be amendable, defendants are given leave to amend the same within ten days, or it will be stricken for the same reason.

Exceptions allowed.