### GRAY v. GRINBERG et al.

(Circuit Court, E. D. Pennsylvania. October 8, 1906.)

#### No. 39.

PATENTS—SUIT FOR INFRINGEMENT—JURISDICTION IN SUIT AGAINST NONRESI-
  DENT.

    Evidence considered, and *held* not sufficient to sustain the burden of proof resting on a complainant, in a suit for infringement of a patent against a nonresident defendant, to show an actual sale of an infringing article by defendant within the district which was essential to give the court jurisdiction.

    [Ed. Note.—Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In Equity. On final hearing.

Mark W. Collet, for complainant.

H. Cobb Kennedy and Horace Pettit, for respondents.

J. B. McPHERSON, District Judge. This is a suit for the alleged infringement of design patent No. 37,301, issued to the complainant in January, 1905, for "a new, original and ornamental design for lamps." The validity of the patent is attacked, and much of the testimony bears upon this defense; but, in my opinion, the case must be decided upon another point, and the validity of the patent must be left for determination in some other suit.

The point referred to is the complainant's failure to prove a prima facie case of infringement. The bill admits that the defendants are citizens of the Southern district of New York, and the jurisdiction of this court to entertain the controversy depends, therefore, upon the truth of the averments that they have a regular and established place of business in the Eastern district of Pennsylvania, and have been, or are, committing acts of infringement within this district. I agree with the decision in Westinghouse Electric Co. v. Stanley Electric Co. (C. C.) 116 Fed. 641, that, since the commission of an act of infringement within the district has been made essential to the jurisdiction of the court, it is necessary to prove a completed act, and not merely a threat, or an evident purpose, to infringe upon the rights of the patentee. Indeed, the complainant does not dispute the correctness of this position, but undertook in conformity therewith to prove that the defendants had sold in this district a lamp that infringed his patent. As it seems to me, however, the evidence that was offered upon this point leaves the matter in so much doubt that he cannot be said to have sustained the burden of proof that undoubtedly rested upon him. In brief, the evidence was this: The complainant sent two witnesses to the defendants' store in Philadelphia, where they were shown certain lamps, of which the exhibiting salesman said that the firm had sold many,

in Philadelphia. Instead of buying one of these lamps and producing it for inspection before the examiner and the court, so that it might be certainly determined to be either genuine or counterfeit, the witnesses contented themselves with testifying to the declarations of the salesman, and with adding that the lamps shown to them by him were "a good representation," or were "substantially identical," with the picture of a lamp called the "Majestic lamp," which is averred to be the infringing article. The defendants did not deny that they had advertised the Majestic lamp in certain numbers of a periodical that were offered in evidence. A lamp of the complainant's design was then produced before the examiner, and afterwards in court, and the comparison between this lamp and the picture in the periodical was relied upon to complete the proof that the lamp which, according to the declarations of the salesman, had been sold in Philadelphia by the defendants, infringed the complainant's patented design.

Admittedly, therefore, there is no direct proof of a sale, and the question for decision is whether the evidence fairly justifies the inference that an infringing article was sold in this city. If the declarations of the salesman are to be rejected as incompetent hearsay, the remaining evidence is clearly insufficient; and, even if they are to be received as the declarations of an agent concerning the business in which he was employed at the time, I still regard the proof as falling short of the legal measure. It cannot be overlooked that the advertisements do not refer to the defendants' store in Philadelphia at all, but to their place of business in New York; and that the two witnesses do not testify that the lamps which they saw in Philadelphia were marked Majestic, or were even so named by the salesman, but merely that they were good representations of the picture in the advertisements, or were substantially identical therewith. Further, whatever force this rather indefinite testimony may have, concerning the likeness between the picture and the lamps seen in Philadelphia, is greatly impaired by the fact, which appears in complainant's record and is also admitted in the brief of his counsel, that the defendants had formerly been customers of the complainant's firm, and had bought lamps from them of the patented design. These trade relations existed in the early part of 1904, and probably later in that year; and, as the two witnesses who visited the defendants' store in Philadelphia were there in April and May of 1905, it is evidently very difficult, if not wholly impossible, to pronounce with positiveness, or even a fair degree of probability, whether the lamps that were seen in 1905 were of the complainant's genuine design, and had been previously bought from his firm, or were infringing copies. The decision is more difficult, because the complainant avers that the genuine and the counterfeit lamps are so nearly alike that only a close examination can distinguish between them; and, if this be true, and if he had it in his power, but failed, to offer to the court the opportunity of making such an examination as might reasonably satisfy an observer whether the lamps seen in Philadelphia were genuine or not, he can hardly complain if the evidence that he does offer on this point is scrutinized with some degree of care. For the reasons thus indicated, I cannot avoid the conclusion that he has not produced the

proper degree of proof, and that the evidence is not sufficient to satisfy the court that infringing lamps have been actually sold in this district.

Apparently feeling the force of these objections, which were vigorously urged at the final hearing of the cause on June 26, 1906, the complainant presented a petition on July 7th, asking that the case might be reopened to permit him to offer further proof concerning the sale of an infringing lamp. I have carefully considered the affidavits that were presented in support of this motion and in opposition thereto, and I am of opinion that the complainant has not made out a sufficient case for rehearing, within the established rules governing the practice of the courts upon such motions. A rehearing must therefore be refused.

A decree may be entered dismissing the bill of the complainant, with costs.