### GRAY v. GRINBERG et al.

(Circuit Court of Appeals, Third Circuit. February 5, 1908.)

#### No. 31.

1. PATENTS—SUIT FOR INFRINGEMENT—ISSUES MADE BY PLEADINGS.

Where a bill for infringement of a patent against a nonresident defendant alleged infringement in the district where the suit was brought, which allegation was denied in the answer, the issue as to infringement is limited to infringement within such district.

2. SAME—INFRINGEMENT—EVIDENCE.

Evidence considered in a suit for infringement, and held insufficient to establish a prima facie case of infringement by defendants by a sale of any infringing article. ·

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 549.]

3. PLEADING—EXHIBITS—DESIGN PATENTS.

When the question involved is the infringement of a design patent, the court is especially entitled to have put before it exhibits to which the testimony of experts may be referred, and by means of which it may make its own comparisons and deductions.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 147 Fed. 732.

Mark W. Collet, for appellant.

Horace Pettit, for appellees.

Before DALLAS and BUFFINGTON, Circuit Judges; and CROSS, District Judge.

CROSS, District Judge. The bill of complaint states that the complainant is a citizen and inhabitant of the state of Massachusetts, and that the defendants are citizens and inhabitants of the state of New York, in the Southern district of New York, but have a regular and established place of business in the city of Philadelphia, in the East-

ern district of Pennsylvania, where they committed acts of infringement upon complainant's design patent for a lamp, No. 37,301. The only question argued and presented for decision at this time is that of infringement.

The learned judge who heard the cause in the court below dismissed the bill of complaint because the evidence was insufficient to show that infringing lamps had been actually sold in the Eastern district of Pennsylvania. Complainant's counsel contends before this court, however, that the defendants, by filing a general appearance in the cause without objection to the jurisdiction of the court, waived their right to object to being sued in the Eastern district of Pennsylvania, and hence that, as the action is within the general jurisdiction of the Circuit Court, the complainant, because of such waiver, may show in support of his bill acts of infringement committed outside of such district. If that be admitted, however, as a general proposition, it does not relieve the complainant in this case of the burden of proving that the defendants have committed infringing acts within said district, since that was substantially the issue tendered by the bill, denied by the answer, and to the maintenance of which the proofs were directed. It should be noted in passing, however, that the only evidence of sales outside of the Eastern district of Pennsylvania is that of the complainant who says:

"They [the defendants] made a copy of our lamps, had them manufactured outside, and sold them to the trade under the name 'Majestic.'"

Manufactured outside and sold, but whether within or without the United States, does not appear, and the proofs upon the point are therefore fatally defective, even if relevant. Furthermore, the issue would seem to be limited in this court by the assignments of error to infringement committed within the Eastern district of Pennsylvania. The first assignment is as follows:

"The learned judge of the Circuit Court erred in holding that complainant had not proved that the defendants had committed acts of infringement within the Eastern district of Pennsylvania."

There is no assignment, however, which specifically raises the point now urged. The question for consideration, therefore, may be properly limited here, as it was below, to whether or not the proofs show that infringing acts were committed within that district. The burden of proof rested upon the complainant to show a completed act of infringement. The defendant's alleged threatened infringement was insufficient. Westinghouse Electric Company v. Stanley Electric Company (C. C.) 116 Fed. 641. The complainant produced two witnesses who testified that they went to the complainant's place of business in Philadelphia, and were there shown by salesmen certain lamps, of which they said many had been sold in that city. No lamp or lamps were bought by either of the witnesses, however, and consequently none were produced to the court for inspection. One of the witnesses testified that the lamps shown him at the defendant's place of business were "substantially identical" with the picture of a lamp advertised by the defendants in a magazine, and the other that the lamps shown were a "good representation" of those so advertised;

but they did not say that the lamps offered to them for sale were marked "Majestic," or were so called by the salesmen. This proof was supplemented by the production of a lamp of the complainant's design, between which and the advertising cuts a comparison was made. It appears, however, that the defendants were, not long before, customers of the complainant's firm, and had bought lamps from them designed after the patent in suit, and had also been furnished by the complainant's firm with a cut or electrotype, by means of which they could advertise the complainant's lamp. It may well be, in view of the general and uncertain character of the evidence, that the lamps which the salesmen in the defendants' store showed to the witness were lamps of the complainant's genuine design, which had been bought from his firm, and that the advertisements referred to, if they were representations of the complainant's design, were legitimately displayed through a cut furnished for that purpose.

It is unnecessary, however, to discuss the evidence at length. The learned judge who heard the case below has done it fully and carefully, and we are satisfied with his reasoning and conclusions. The evidence would undoubtedly have been greatly clarified, and perhaps rendered conclusive, by the purchase and exhibition in court of one of the lamps shown in Philadelphia. In that event the court would at least have been in a position to compare and determine for itself its likeness or unlikeness to the genuine. When a question involving the infringement of a design patent is presented, the court is especially entitled to have put before it exhibits to which the testimony of experts may be referred, and by means of which it may make its own comparison and deductions. The complainant's testimony does not make out, to our satisfaction, a prima facie case of infringement by the defendants.

The decree below is affirmed, with costs.