AMERICAN MATTRESS & CUSHION CO. v. SPRINGFIELD MATTRESS
CO. et al.

(Circuit Court of Appeals, Seventh Circuit.   October 6, 1908.)

No. 1,449.

PATENTS (§ 328*)—INFRINGEMENT—MATTRESS.

The Fisher patent, No. 737,916, for a mattress, *held* not anticipated, valid, and infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The bill in the Circuit Court was to restrain the infringement of Letters Patent No. 737,916, issued to C. A. Fisher, September 1, 1903, for certain new and useful improvements in mattress cushions and the like; the three claims of the patent sued upon being as follows:

1. A mattress or cushion comprising a layer of resilient filling material, fabric arranged on the opposite faces of said resilient layer, said resilient layer and said fabric being quilted together by stitches which confine such resilient material to the required thickness, layers of filling arranged on the opposite faces of the quilted layer, and stitches securing said last-named layers to the quilted layer of filling and fabric, substantially as described.

2. A mattress or cushion comprising a ticking, a centrally-arranged filling, layers of filling arranged above and below the said centrally-arranged filling, sheets of fabric arranged between each of the said layers of filling and having their edges arranged adjacent the upper and lower edges respectively of the ticking, and stitches passing through the upper and lower sides of the said ticking, layers of filling, intermediate layers of fabric and sides of the ticking at an angle thereto, substantially, as and for the purpose specified.

3. A mattress comprising a thick, resilient layer of cotton-batting arranged between sheets of fabric, said sheets of fabric and said cotton-batting being quilted together by stitches which confine said layer of cotton-batting to the required thickness, a thin layer of cotton-batting arranged upon the upper and lower faces of said quilted layer, and sewed directly thereto, substantially as described.

The process described in the patent is as follows:

In my improved process of making mattresses I take the mass of filling material, B—such, for instance, as layers of so-called "elastic felt"—and lay under and over such mass or pile of material a sheet of suitable fabric, such as cotton cloth, each such sheet being of substantially the size of the upper and lower surfaces of the completed mattress. By any suitable means I then compress the material, B, between these sheets of cloth, C, and then with a suitable power sewing-machine I sew the layers of material, B, together between the sheets of cloth, C, by transverse lines of stitching, c. As this stitching is completely covered in the completed mattress, there is no necessity for any particular accuracy or skill in running such stitches or in spacing the lines of stitching apart. When this stitching has been completed, the mass of filling material is confined by the stitches and between the sheets of cloth, C, to a thickness somewhat less than is desired for the completed mattress. I now lay upon the opposite faces of the stitched filling a layer, D, of suitable fabric, such as elastic felt or the like, each such layer being substantially the same in length and breadth as is desired for the finished mattress. This completes the filling for my improved mattress, as shown in Fig. 7. I now insert the stitched filling, with the superposed layers, D, into the ticking or cover it with a ticking in any other convenient manner and then secure the ticking and the filling to each other by lines of stitching, E, around the ticking and near the edges thereof. This stitching may be most effectively done by passing it diagonally through the ticking and filling on sides parallel with the edges of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mattresses and a short distance back therefrom, such stitching passing diagonally from the upper and lower surfaces of the mattress through the ticking and filling and out again through the sides of the mattress, as best shown in Figs. 8 and 9. It will be observed that a mattress so made can be made to exactly fill a ticking of any size or dimension, that the resilient material is more securely confined than in the old way, that no skilled tufting-work is required, and that the mattress so made has absolutely smooth surfaces. Of course it is not absolutely essential, although in my judgment it is much better to complete the mattress by sewing the ticking to the filling, and, on the other hand, the finishing layers, D, might be sewed directly into the ticking and not be sewed to the filling, B. Such modifications do not constitute a departure from the spirit of my invention, but are contemplated thereby.

The bill was dismissed for want of equity; the Circuit Court, in its opinion, holding that the patent was invalid. The further facts are stated in the opinion.

Otto R. Barnett and Percival H. Truman, for appellant.

George L. Wilkinson, for appellees.

Before GROSSCUP and BAKER, Circuit Judges, and LANDIS, District Judge.

GROSSCUP, Circuit Judge (after stating the facts as above). The mattress described in the patent is made up of a series of layers of cotton, wool or other elastic fabric; the inner layer being compressed by means of stitches running clear through it, and the outer layers being held to the inner layer by means of stitches on the side. The effect of this arrangement is to give a smooth surface; to avoid the necessity of expensive covering to that part through which the stitches run; and to make a mattress that will neither expand nor curl up when put on the bed. And it seems to have been commercially a success.

The principal anticipating device—the Chaney patent—is one in which the internal mattress was put in a bag and then inserted inside of another bag—a bag within a bag. Now though the Chaney patent calls for a mattress having a tufted inner filling, and removable outside layers, it is essentially different from the conception of the Fisher mattress, because in the latter, the only bag or envelope is the final sheeting—a conception clearly set forth in the description, and embodied, we think, in the claims sued upon, when the claims are read in connection with the description; and it is exactly because of this difference, that the Fisher mattress meets its purpose of always remaining smooth, and never curling up, and thereby has become a superior mattress. The Circuit Court, we think, erred in holding that the Fisher mattress was anticipated.

It is urged upon us that inasmuch as the bill of complaint was brought in a district in which the defendants are not inhabitants, the burden of proof was upon the complainant to show a complete act of infringement in such district—otherwise the Circuit Court for that district would be without jurisdiction to hear the cause; and the case of Gray v. Grinberg et al., 159 Fed. 138, 86 C. C. A. 328, along with other cases, is cited. The usual rule is that whether a defendant shall be required to defend in a court other than the Circuit Co. for the district of which he is an inhabitant is a question of privilege that he may insist upon or waive, at pleasure. Gray v. Grinberg is

not opposed to this rule. The question in that case was, whether as a matter of procedure, the defendant had waived that privilege— whether by the bill alleging that infringing acts had been committed within the district, an issue of fact involving the question of privilege was not thereby tendered—an averment of fact that the defendant, wishing not to waive, but to exercise his privilege, had not the right to traverse by answer.

We need not enter, however, into this question of procedure, for the proof before us satisfies us—all the circumstances being taken into consideration—that acts of infringement were actually committed within the district where the suit was brought, and before the suit was brought.

The decree of the Circuit Court is reversed, and the case remanded with instructions to proceed further in accordance with this opinion.