CHADELOID CHEMICAL CO. v. CHICAGO WOOD FINISHING CO. et al.

(Circuit Court, S. D. New York. August 3, 1910.)

1. EQUITY (§ 125*)—SERVICE OF PROCESS—OBJECTIONS—PLEA.

An objection to service of subpœna on a foreign corporation by serving on a stenographer who was not the corporation's agent, while otherwise sustainable, will not be allowed, where not raised by plea to the jurisdiction.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 304; Dec. Dig. § 125.*]

2. PATENTS (§ 287*)—INFRINGEMENT—SALES—GOODS.

A sale of goods made by defendant's agent, involving an infringement of complainant's patents, to defendant's customers, who were pressing for quick deliveries, not on his own account, and out of the ordinary course of business, constituted an infringement by defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 457–459; Dec. Dig. § 287.*]

3. CORPORATIONS (§ 662*)—FOREIGN CORPORATIONS—"PLACE OF BUSINESS."

Defendant's agent maintained an office in New York, paying his own rent and stenographer, from which defendant's wares were advertised without protest. Defendants used such office as their own when they wished to press slow debtors. They permitted the agent to advertise and represent that he was their Eastern agent, and from this office many sales were made, though most of the sales were concluded at the corporation's home office at Chicago. Held, that the corporation had a "place of business" in New York, and was therefore subject to suit there.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2568–2570; Dec. Dig. § 662.*

For other definitions, see Words and Phrases, vol. 6, pp. 5390–5392.

Foreign corporations doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585, and Ammons v. Brunswick-Balke Collender Co., 72 C. C. A. 622.]

In Equity. Action by the Chadeloid Chemical Company against the Chicago Wood Finishing Company and others. On plea to jurisdiction. Denied.

See, also, 173 Fed. 797.

Duncan & Duncan, for complainant.
Wm. R. Davis, for defendants.

HAND, District Judge. I should sustain this plea, because Miss Baldwin was not the agent of the defendant company in any case, did the plea itself raise that question. Since it does not, and since this would leave the merits undetermined, I shall disregard that perfectly good objection to the service of the subpœna.

There is proof of acts of infringement in the occasional small sales made here by Olmstead out of the goods shipped to him. (Olmstead, XQ92–95.) It makes no difference that these are out of due course, because they were clearly made on behalf of the defendant, who was credited with the proceeds. Chic. Pneumatic Tool Co. v. Phil. Pneumatic Tool Co. (C. C.) 118 Fed. 852. They were not sales made by Olmstead on his own account, but avowedly to customers of the defendant, who were pressing for quick deliveries. However, the sales

made from Chicago were not infringements.  I accept as authority West. Elec. & M. Co. v. Stanley Elec. M. Co. (C. C.) 116 Fed. 641, though earlier, as against West. Elec. & M. Co. v. Stanley Elec. M. Co. (C. C.) 121 Fed. 101, as preferable on principle.

There remains the question of what is "a regular and established place of business." Thomson-Houston Elec. Co. v. Bullock Elec. Co. (C. C.) 101 Fed. 587, is not helpful, for the facts are different and much stronger for the jurisdiction.  Yet I think that the facts are enough here to sustain the bill.  I do not decide that a regular and established office, to which salesmen repair and which is maintained by them out of their earnings, is a "place of business"; for there is much more than that in the case.  The very facts which constitute infringement show that Olmstead's office was known by the defendants to serve on occasion as a place of distribution.  That was, therefore, one of its purposes.  But I rely especially on the representations as to the character of Olmstead's relation to the business. Many of these emanated from Olmstead himself; but they were all known to the defendant, and passed without protest.  I suppose no one would suggest that if the defendant had paid the rent it did not have a place of business, because all orders had to be sent to Chicago for acceptance.  In short, one may have a place of business without selling goods there.  It is true that Olmstead paid his own rent and his own stenographer, but that is not conclusive.

The question is whether the defendant had accepted his office as a place of business of their own—of such business as they might wish to do in the East.  There seems to me no reasonable doubt that they did.  They permitted it to be so advertised without protest.  They used it when they wished to press slow debtors.  It was the place where, at least in the case of the "Yankee Cleaner," their exclusive agents did business, and where they must naturally expect inquiries to come and be answered.  In the face of their own advertisements, and of the representations that they allowed Olmstead to make, that he was their Eastern agent, they cannot with a good grace now deny that they had any business in the East at all, merely because most of their sales were concluded at Chicago.  Certainly there was business—that is, a necessary part of the transactions they were carrying on—that took place in New York.  It took place regularly at one place, which was permanently established for the purpose.  Even if they committed no act of infringement there, it would still be a place of business within the act, which clearly differentiates between the two.  Chic. P. Tool Co. v. Phil. P. Tool Co., supra; Gray v. Grinberg, 159 Fed. 138, 86 C. C. A. 328.

I agree that the defendant's maintenance of this suit does not waive a plea to the jurisdiction.  The complainant fails to distinguish between jurisdiction and estoppel; but the distinction is fundamental.

Plea overruled, with costs.  Defendant to answer by the next rule day.