SANDUSKY FOUNDRY & MACHINE CO. v. DE LAVAUD et al.

(District Court, N. D. Ohio, E. D.    May 29, 1918.)

No. 372.

1. PATENTS ⬅288—FEDERAL COURTS—JURISDICTION.

Aliens are not inhabitants of any district, and the restrictions in Judicial Code, § 51 (Comp. St. 1916, § 1033), do not apply to them; likewise, in patent cases, the restrictions prescribed by section 48 (Comp. St. 1916, §§ 1024, 1030) do not apply, and aliens may be sued in any district within which process can be served on them.

2. PATENTS ⬅288—INFRINGEMENT SUIT—NATURE OF—"TRANSITORY ACTION."

A suit arising under the patent laws is transitory, and not local in character, and, except for the limitations of Judicial Code, § 48 (Comp. St. 1916, §§ 1024, 1030), might be brought in any district in which the defendant might be served.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transitory Action.]

3. PATENTS ⬅288—FEDERAL COURTS—JURISDICTION.

Judicial Code, § 48 (Comp. St. 1916, §§ 1024, 1030), prescribing the districts in which suits for patent infringement may be begun, should have the same construction as section 51 (Comp. St. 1916, § 1033): hence, where defendants appeared and answered to the merits before moving to dismiss a suit for patent infringement on the ground that it was begun in a district other than that of their residence, or in which they did business, those objections are waived.

4. PATENTS ⬅288—INFRINGEMENT SUIT—PROOF.

Where the bill alleged that defendants infringed within the district where suit was brought and elsewhere in the United States, and defendants by their answer to the merits waived any right to object that suit was brought in a district other than that in which they had a place of business, etc., it is open to plaintiffs to show infringement in any place in the United States.

In Equity. Suit by the Sandusky Foundry & Machine Company, a corporation, against D. Sendaud De Lavaud and others. On motion to dismiss. Motion denied.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for complainant.

Francis J. Wing and Albert Lynn Lawrence, both of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. Defendants, D. Sendaud De Lavaud and Fernando Arens, Jr., move to dismiss complainant's bill for want of jurisdiction, on the ground that they are not inhabitants of this district, that they did not infringe, and have no established place of business therein.

Complainant's bill was filed September 15, 1916. It alleges that the defendant corporation is organized and existing under and by virtue of the laws of the republic of Brazil, and that the two individual defendants are citizens and residents of that republic. All three defendants are jointly charged with infringing complainant's patents within the Eastern division of the Northern district of Ohio, and elsewhere in the United States. Process was returned served on the individual defendant D. Sendaud De Lavaud only.

On October 5, 1916, the two individual defendants appeared by counsel and moved to dismiss the bill of complaint, for the reason that it is multifarious and that the allegations contained therein are not sufficient to constitute a cause in equity against them. This motion was not acted upon, but later, on October 30, 1916, an amended bill was filed by leave of court. The jurisdictional allegations therein are the same as those of the original bill, as above stated. Thereafter, on November 24, 1916, an answer was filed by the two individual defendants, who appeared and filed the motion to dismiss. Later, on August 6, 1917, the defendants, by leave of court, filed interrogatories, which were duly answered by complainant. These answers stated that the charge of infringement is based upon the manufacture and public exhibition by defendants, or their agents, of a centrifugal casting machine, embodying the features of complainant's patents in suit, and of pipe alleged to have been made by said exhibited machine; that this exhibited machine was manufactured at Buffalo, and that it has been installed and used in a foundry in Newark, N. J.; that the use of the machine in this district consisted in exhibiting it and pipe alleged to have been made by it, at the Foundrymen's Convention at the city of Cleveland, Ohio, in September, 1916, prior to the filing of the bill of complaint; that the machine was not operated at the said convention to cast pipe or other articles; and that no proof of any other infringement will be introduced at the trial, so far as the answering officer of complainant was then informed. On the hearing of this motion counsel for complainant announced that it was not expected to offer any other proof of infringement.

The two individual defendants on November 10, 1917, filed the present motion. In support of this motion it is urged that neither of the defendants is an inhabitant of this district, but that both are alien citizens of the republic of Brazil; that none of the defendants has a place of business within this district, and that the tender of proof of infringement does not show that the defendants, or any of them, have committed acts of infringement within this district; or, if the exhibition of the infringing machine within the district is to be considered in law an act of infringement, it is so trivial as to be beneath the cognizance of a court of equity. I am of opinion that this motion should be overruled on two grounds:

[1] 1. The defendants who have appeared are aliens. It seems to be settled law that they are not inhabitants of any district, and may be sued in any district within which process can be served on them. It was so held under what is now section 48 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1100 [Comp. St. 1916, §§ 1024, 1030]) in United Company v. Duplessis Company (C. C.) 133 Fed. 930. Such is said to be the law in Walker on Patents (5th Ed.) § 389. The same holding has been repeatedly made under section 51 of the Judicial Code (Comp. St. 1916, § 1033) as applied to causes of action other than suits arising under the patent laws. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Wind River Lumber Co. v. Frankfort Marine Ins. Co., 196 Fed. 340, 116 C. C. A. 160; Keating v. Penn-

sylvania Co. (D. C.) 245 Fed. 155. The reasoning applies equally to both classes of cases against alien defendants.

[2-4] 2. A suit arising under the patent laws is transitory and not local in character, and, except for the limitations of section 48, Judicial Code, might be brought in any district in which the defendant could be served. General jurisdiction is conferred by section 24, Judicial Code (Comp. St. 1916, § 991), over all actions arising under the patent laws of the United States. The jurisdiction, therefore, of this court exists, no matter where the infringement was committed, unless section 48 takes away that jurisdiction. The proper rule, in my opinion, is that section 48 should have the same construction as section 51 of the Judicial Code; that is to say, it does not take away the jurisdiction of the District Court in patent cases, but prescribes merely the district in which such a suit may be brought, and is a privilege conferred upon a defendant, which he may waive. In other words, in suits arising under the patent laws, a defendant has a right to insist on the privilege of being sued in a district of which he is an inhabitant, or in a district where he shall have committed acts of infringement and have a regular and established place of business; in other causes of action, the defendant is entitled to insist that he shall be sued in the district of which he is an inhabitant, or, if jurisdiction is invoked only because of diversity of citizenship, in the district of which either the plaintiff or defendant is a resident. This, however, is a personal privilege respecting only the forum within which the action may be maintained. It is a privilege upon which the defendant only may insist, and which he may waive. He will be held to have waived it if he does not, prior to entering a general appearance to the action, take objection in proper form to the jurisdiction of the court over him. This holding has been made in actions arising under the patent laws in the following cases: General Electric Co. v. Wagner Electric Co. (C. C.) 123 Fed. 101; U. S. Raisin Co. v. Phœnix Raisin & Packing Co. (C. C.) 124 Fed. 234; Thomson-Houston Electric Co. v. Electrose Mfg. Co. (C. C.) 155 Fed. 543; U. S. Expansion Bolt Co. v. Kroncke Hardware Co. (D. C.) 216 Fed. 186. See, also, Walker on Patents (5th Ed.) § 389.

The question involved is common to all causes of action cognizable in a federal court, and this holding has been made in actions other than those arising under the patent laws in the following cases: First National Bank v. Morgan, 132 U. S. 141, 10 Sup. Ct. 37, 33 L. Ed. 282; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; Interior Construction Co. v. Gibney, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401; In re Moore, 209 U. S. 491, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Western Loan Co. v. Butte Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Kreigh v. Westinghouse Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984.

In this case, as appears from the facts above stated, the two individual defendants appeared generally to the action and answered to the merits before the motion to dismiss was made. From this it follows that the objection that the defendants are sued in a district in which they are not inhabitants, or in a district in which they did not infringe and did not have an established place of business, is waived. It is open

to complainant to prove infringement anywhere within the United States. The proof tendered probably does not show an act of infringement within the Northern district of Ohio, but the bill alleges that defendants infringed within that district, and elsewhere in the United States, and defendants were therefore advised that an issue was not being tendered of infringement within the Northern district of Ohio alone. Whether or not, in a case where the defendant had an established place of business within the district, and the bill limits the charge of infringement to that district, and the answer had denied this charge, the complainant's action would fail for want of proof, as was held in Gray v. Grinberg, 159 Fed. 138, 86 C. C. A. 328, does not arise in the present state of the record, and no opinion with respect thereto need be or is expressed by me.

Defendants' motion to dismiss will be overruled.