## S. S. WHITE DENTAL MFG. CO. v. DENTAL CO. OF AMERICA.

(District Court, E. D. Pennsylvania. February 3, 1920.)

No. 1905.

1. PATENTS ⬤═288—MAKING PART OF ARTICLE AN "ACT OF INFRINGEMENT," WITHIN ACT RELATING TO DISTRICT OF SUIT.

A defendant which, within the district of suit, made a part of an infringing article, which, when joined to another part made in another district, for which it was intended, completed such article *held* to have committed acts of infringement within the district, within the meaning of Judicial Code, § 48 (Comp. St. § 1030), and subject to suit therein.

2. PATENTS ⬤═288—APPEARANCE AND ANSWER WAIVER OF OBJECTION TO JURISDICTION.

A defendant in an infringement suit, which was served, appeared, answered, and defended, until complainant rested on its prima facie case, *held* to have waived objection to jurisdiction in that district.

3. PATENTS ⬤═328—FOR ARTIFICIAL TOOTH CROWN VALID AND INFRINGED.

The Davis patent, No. 762,289, for an artificial crown for a tooth, claim 1, *held* valid, and defendant *held* chargeable with contributory infringement in making facings which, when joined to backings made by another, which was intended, constitute the article of the patent.

In Equity. Suit by the S. S. White Dental Manufacturing Company against the Dental Company of America. Decree for complainant.

Henry N. Paul, Jr., and Joseph C. Fraley, both of Philadelphia, Pa., for plaintiff.

Roberts, Roberts & Cushman, of Boston, Mass., and Howson & Howson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This suit concerns United States letters patent No. 762,289, issued June 14, 1904, to Frank H. Davis, of which plaintiff is now the owner by assignment. The invention claimed is for an improved artificial crown for a tooth. We dispose of the case by a summary of the rulings now made, but, for whatever benefit it may be to those interested therein, we have also filed a supplemental opinion in support of these rulings.

Among the reasons for so doing is that we feel this to be the due of counsel, who have argued the questions involved with notable ability and clearness, and because it is the right of the parties to have evidence that all which is believed to have a bearing upon the merits of the case or defense has had the attention of the court. The rulings made, together with the fact findings and conclusions of law reached, are as follows:

[1] 1. The motion to dismiss for want of jurisdiction is denied.

The first ground of this ruling is the fact finding (so far as it is a fact) now made that acts of infringement had been, before the filing of plaintiff's bill, committed within this district; all the other facts necessary to a ruling being admitted. As all the evidentiary facts are admitted, the ultimate fact finding above made follows the conclusion of law reached, that acts which constitute contributory infringement committed here are acts of infringement within the meaning of Comp.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

St. § 1030, and the patent laws, notwithstanding the other fact that the infringement was not complete until other acts had been committed (as they have been) by another party in another jurisdiction.

[2] The second ground of the ruling is the fact finding (so far as it is a fact) that the defendant waived any right it may have had to raise the question of jurisdiction, and thereby consented to the exercise of jurisdiction by this court. The question both of whether jurisdiction could be conferred by consent and whether the defendant did consent is not necessary to the ruling on this motion, if the first position taken be tenable. The question, however, is necessarily involved, although not necessary to be decided, and has for this reason been considered.

The record facts are that the defendant was served with process, appeared, answered, went to trial, and did not raise the question of jurisdiction until after evidence establishing a cause of action and making out a prima facie case had been introduced, and the plaintiff had rested at the close of its case in chief. It follows that the defendant had consented to the exercise of jurisdiction by this court, and has waived its right to raise the question sought to be raised by this motion.

The first ground for the ruling made finds support in Leeds v. Victor, 213 U. S. 325, 29 Sup. Ct. 503, 53 L. Ed. 816, and the ruling made is not in conflict with the cases upon which defendant relies. Westinghouse v. Stanley (C. C.) 116 Fed. 641; Gray v. Grinberg (C. C.) 147 Fed. 732, and on appeal in 159 Fed. 138, 86 C. C. A. 328.

The second ground of support of the denial of the motion to dismiss is the doctrine given us by the case of In re Moore, 209 U. S., 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. The supporting reasons for the rulings made are set forth in the paper filed herewith under the heading of supplemental opinion.

[3] 2. The claim of the Davis patent in issue is valid.

This ruling is made, not upon a finding of undoubted inventive merit in the Davis tooth facing, because this is doubtful, but upon the finding of merit in what he did, and that the defendant is in no position to successfully deny inventive merit, in consequence of which, as between the parties, the scales of judgment incline in plaintiff's favor, and the defendant is found not to have overcome the prima facie right which the Davis letters patent have conferred upon the plaintiff. The grounds of this ruling are also fully stated in the supplemental opinion filed herewith.

3. The defendant has infringed upon the rights of the plaintiff granted by the Davis letters patent.

This ruling is based upon the finding that the Davis patent covers a tooth facing, to be used in combination with a backing, and which Davis called and had patented as "an artificial crown for a tooth." The fact finding is also made that these facings and backings or artificial crowns are made to be sold to dentists, to be set by them with appropriate fastenings in the jaws of their patients, and when so in place the facings and backings, with the fastenings, are also commonly called "crowns" by dentists.

The further fact finding is reached that the defendant made only facings, but these were made for the purpose and with the intent that

they were to be combined with backings made by another party in Massachusetts, and were to be sold together, and were so combined, and made into what Davis patented under the name of artificial crowns for teeth.

The conclusion reached, or the further finding made, is, so far as it is a conclusion of law or a fact finding, that the defendant was guilty of contributory infringement, and, in consequence, committed acts of infringement within this district. The reasons for so ruling are also set forth in the supplemental opinion filed herewith.

4. The ruling is made that, the claim of the patent which is in issue having been found to be valid and infringed, the plaintiff is entitled to a decree in its favor, with costs. In order that the date of final decree and its form may be definite, no decree is now made; but counsel have leave to submit such draft of decree as may be agreed upon in respect to form, or, on failure to so agree, drafts may be submitted by the respective parties, and the form of decree will then be settled by the court.