## ROSENBLUTH v. HUDSON MOTOR CAR CO. et al.

### (District Court, E. D. Pennsylvania. May 10, 1920.)

### No. 1997.

Patents ⊜⇒288—Jurisdiction of infringement suit; "regular and established place of business."

A contract by which defendant, a manufacturer of automobiles, granted the exclusive right to sell its cars within a certain territory at prices to be fixed by defendant, second party to sell no other cars, to keep repair parts on hand and to pay one-half the expense of advertising in its territory, but required to pay for all cars on shipment, from which time it became absolute owner, *held* not to constitute second party's place of business a "regular and established place of business" of defendant, within the meaning of Judicial Code, 48 (Comp. St. § 1030), nor to create an agency which authorized service to be made on second party at such place in an infringement suit against defendant.

In Equity. Suit by Edwin M. Rosenbluth against the Hudson Motor Car Company and others. On complainant's motion to vacate order setting aside service, and defendants' motion to set aside service. Complainant's motion denied, and defendants' motion granted.

See, also, 264 Fed. 353.

Arthur E. Paige, of Philadelphia, Pa., for plaintiff.
W. Logan MacCoy, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. Upon the facts appearing upon the original motion of the Hudson Motor Car Company (hereinafter designated as Hudson) to set aside service made upon John C. Schwartz, president of the Gomery-Schwartz Motor Car Company (hereinafter designated Gomery-Schwartz), the service was set aside. The plaintiff has now moved to vacate that order upon additional affidavits and upon the basis of the contract between Hudson and Gomery-Schwartz. An alias subpœna, subsequently issued, was served upon J. E. Gomery, officer of Gomery-Schwartz, and the defendant Hudson has moved to set aside the service of the alias subpœna.

It is contended on the part of the plaintiff that the contract between the parties, together with the facts set out in the affidavits, shows that Hudson has a regular and established place of business at 128 North Broad street, the place of business of Gomery-Schwartz, and that service made upon the officers of that corporation, as agent of Hudson, is valid under the provisions of section 48 of the Judicial Code (Comp. St. § 1030).

The contract between the parties designates Hudson as manufacturer and Gomery-Schwartz as distributor. Under its terms Hudson gives Gomery-Schwartz the exclusive right to sell Hudson cars from December 1, 1919, to November 30, 1920, in certain territory in Pennsylvania, Delaware and Maryland at certain fixed net prices f. o. b. Detroit, against sight draft and bill of lading attached; any loss after delivery to the transportation company in Detroit to be borne by Gomery-Schwartz and it to cause all cars to be insured upon notification of shipment. Gomery-Schwartz agrees to confine its sales to the designated territory, subject, in case of sale outside of the designated territory, to adjustments between Gomery-Schwartz and other distributors, to be arranged under the control of Hudson. Gomery-Schwartz agrees to keep on hand repair parts, the prices of which are agreed to, and give prompt service to all Hudson cars in the territory. The repair parts are to be furnished exclusively from or have the approval of Hudson, and such parts are to be sold at Hudson's list prices. Agreements with dealers are to be submitted for approval to Hudson before acceptance by Gomery-Schwartz. Gomery-Schwartz is to pay one-half of the cost of advertising decided upon by Hudson in the territory described, the cost to be deducted from any credits due Gomery-Schwartz from Hudson; the advertising to be under the control and with the approval of Hudson. The name "Hudson" is not to be used, except under restrictions set out, which provide that Hudson is the sole and exclusive owner of that name. Gomery-Schwartz is to sell Hudson cars exclusively. In case Gomery-Schwartz fails to make prompt payment for cars shipped on its order, Hudson has the right to divert the cars to any other destination, or has the privilege of disposing of them to best advantage in the described territory.

The agreement provides for payment of certain commissions by Gomery-Schwartz to other distributors for cars sold in the territory of the latter. There is nothing in the contract between the parties which confers upon Gomery-Schwartz any power to deal with any third party so as to bind Hudson. The contract is entirely a contract between buyer and seller, for sale by Hudson to Gomery-Schwartz, under which the latter agrees to sell exclusively within certain territory, or in case of sales in other territory to make settlements with other buyers, known as distributors, whose territory it has invaded. Under the agreement the title to the cars sold passes to Gomery-Schwartz, conditioned only upon payment of the sight drafts accompanying the bill of lading, and, upon payment of the drafts, the automobiles became the absolute and exclusive property in Pennsylvania of Gomery-Schwartz. The contract brings the case clearly within the decision in Commonwealth v. Banker Brothers, 38 Pa.

Super. Ct. 101, and it may readily be distinguished from the cases relied upon by the plaintiff.

In Thomson-Houston Electric Co. v. Bullock Electric Co. (C. C.) 101 Fed. 587, a corporation manufacturing in Ohio consigned its products to a second corporation doing business in New York, which was given the exclusive right to sell the same within a given territory. It was charged a fixed price for the articles delivered to it, but was privileged to return any part and receive credit therefor. In that case it was necessarily held that the title did not pass absolutely to the local seller, which had a right to return before sale, and that title first passed absolutely through the sale by the latter, for use, in which the manufacturer participated. The additional fact that the manufacturer paid the cost of advertising and furnished catalogues was considered, but the arrangement upon which sales were made was the ground of holding that the offices of the local dealer constituted a regular and established place of business of the manufacturer.

In the case of Chadeloid Chemical Co. v. Chicago Wood Finishing Co. (C. C.) 180 Fed. 770, goods were sent from outside the district to a local agent, and sales made by the agent on behalf of the defendant, who was credited with the proceeds, and that fact, together with the use by the defendant of the agent's office as its place of business, was held to be sufficient to bring the defendant within the provisions of section 48.

In Smith v. Farbenfabriken of Elberfeld Co., 203 Fed. 476, 121 C. C. A. 598, the defendant, who resided in Canada and conducted a mail order drug business, kept a warehouse in Detroit, which was in charge of an employé, who received and stored and cared for the goods, and on instructions from the defendant filled all orders and made all shipments. The defendant, therefore, clearly had a regular and established place of business in Detroit, and his employé in charge was his agent engaged in conducting such business.

The relations shown by the contract in the present case are not such as to bring it within any of the above decisions. The agreement of Gomery-Schwartz to render free service in making minor repairs to Hudson motor cars is a part of the consideration for the agreement for the exclusive right to sell the Hudson car in the described territory. The fact that Gomery-Schwartz is designated in the Bell Telephone Directory as Hudson Car Sales Agency does not establish the relation of principal and agent between the parties. At the most, under the proof, it is a mere declaration of the party charged to be agent, and the real relations between the parties are shown by the contract. The bearing of the term "sales agent" on the relation of agency is discussed in Mechem on Sales, § 44, cited by defendant, as follows:

"A qualified form of 'agency,' which has grown up in modern times, is that which exists when the owner or manufacturer of patented or other proprietary articles grants the privilege of sale or exclusive territory to one who otherwise might not be at liberty to sell the goods in question. It is entirely consistent with this arrangement that the so-called agent is to buy of the proprietor or manufacturer the goods which he is thus authorized to sell, and when this is the fact there is little more of 'agency' in the case than the name itself. It is also entirely consistent with the arrangement that the 'agent' is

to sell the goods at a price or upon terms or conditions fixed by the proprietor or manufacturer. A person so situated is often in popular language said to have obtained the 'agency' for the goods, when all that is meant is that he has obtained a more or less exclusive right to buy and resell them in a prescribed territory. The transaction is simple enough, but the Reports show many cases in which the parties have, perhaps, deceived themselves and have certainly attempted to deceive others, by calling that an 'agency' which had no resemblance to agency in fact, but was simply a sale of a proprietary article, with a right of resale under terms and conditions fixed by the proprietor."

The motion to vacate the order previously made is denied, and the motion to set aside service upon John E. Comery is granted.