## DETROIT MOTOR APPLIANCE CO. v. TAYLOR et al.

### No. 369.

District Court, E. D. Illinois.

Sept. 13, 1933.

Gunn, Penwell & Lindley, of Danville, Ill., for plaintiff.

Acton, Acton & Baldwin, of Danville, Ill., for defendants.

LINDLEY, District Judge.

The mandate of the United States Court of Appeals Seventh Circuit upon the decision reported in 66 F.(2d) 319, reversed the decree of this court finding the patent invalid, and directed that the court "enter a decree in favor of appellant finding the claims of the patent in issue to be valid and infringed, and awarding to appellant such further relief as it is in such case entitled to have."

Plaintiff has tendered a decree including findings of validity and infringement, and awarding to plaintiff a writ of perpetual injunction restraining ·each of the defendants from continued infringement and referring the cause to a special master to take and report an account of such damages and profits as have accrued to the plaintiff because of the infringement. Defendant General Motors Corporation objects to the form of the decree on the ground that this court has no jurisdiction to enter an injunction against it or to have an accounting against it in this district.

General Motors Corporation is a creature of Delaware, with its principal place of business in Detroit, and has no regular and established place of business within the Eastern District of Illinois. It was sued herein jointly with its dealers, the defendants, Taylor Bros., who reside in Danville and sell the product complained of. These dealers, however, were not agents of the General Motors Corporation in the legal sense of the word. They were independent purchasers and retail vendors regularly handling certain General Motors prod-

ucts. General Motors Corporation, after having specifically limited its appearance for the purpose of contesting the jurisdiction of this court, joined in an answer to the bill of complaint, waiving the jurisdictional element that it was not an inhabitant of the district. It denied that it had committed any infringement within the district, and the proof supported such denial. The infringement within the district was committed by Taylor Bros. In this situation General Motors Corporation contends that the court has no jurisdiction to enjoin it and to enter a decree for accounting.

■ The statute governing venue of patent cases is found in title 28, § 109, U. S. Code, 28 USCA § 109 (Judicial Code, § 48). It reads as follows: *"Patent Cases.* In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, *or* in any district in which the defendant, whether a person, partnership, or corporation, *shall have committed acts of infringement* and *have a regular and established place of business."*

Under this statute a District Court has jurisdiction of a defendant in a patent suit if any one of three conditions exist: First, if the defendant is an inhabitant of the district; second, if the defendant shall have committed acts of infringement and have a regular and established place of business within the district; and, third, if defendant has waived either of the special limitations upon the jurisdiction of the court to entertain the suit. The third basis for jurisdiction does not arise from the provisions of the statute, but from the decisions of the courts interpreting same to the effect that the statutory limitation upon jurisdiction is a personal privilege which may be waived by the parties.

It is clear that this section should be construed in the same manner as section 51 of the Judicial Code, section 112 of title 28, U. S. Code (28 USCA § 112), covering jurisdiction of parties in general. The statute does not take away the jurisdiction of any District Court in patent cases, but prescribes merely the venue in which a suit may be brought, and creates, therefore, a privilege in the defendant which he may waive. Any defendant in a patent suit has the right to insist upon the privilege of being sued in the district of which he is an inhabitant or in which he has committed an act of infringement and has a regular and established place of business.

■ Like the provision of section 51 granting to defendant the privilege to insist that he shall be sued in the district of which he is an inhabitant or the district in which either the plaintiff or defendant is a resident, the present statute confers only a personal privilege respecting the forum within which the action may be maintained. See S. S. White Dental Mfg. Co. v. Dental Co. of America (D. C.) 263 F. 719, affirmed (C. C. A.) 266 F. 524; Champion Spark Plug Co. v. Champion Ignition Co. (D. C.) 247 F. 200; Sandusky Foundry, etc., Co. v. De Lavaud (D. C.) 251 F. 631; Victor Talking Mach. Co. v. Brunswick-Balke-Collender Co. (D. C.) 279 F. 758. A waiver thereof arises by the filing of a general demurrer or any other act which constitutes a general appearance, and, where defendant thus consents to jurisdiction, the court has complete jurisdiction of both subject-matter and parties. See Thomson-Houston Electric Co. v. Electrose Mfg. Co. (C. C.) 155 F. 543; Postage Meter Co. v. Standard Mailing Mach. Co. (C. C. A.) 9 F.(2d) 19.

■ Applying these rules to the facts appearing in the present record, we find that defendant expressly waived its privilege to be sued in the district of which it was an inhabitant and appeared in defense upon the merits. By this appearance the court obtained jurisdiction of it for all purposes. As we have seen, there were two manners in which the court might have obtained jurisdiction over it: First, by proof that it was an inhabitant of the district; or, second, that it had infringed in the district and had a regular place of business therein. It is not necessary that both of said grounds be shown to exist. It is not essential to the court's jurisdiction that defendant be both an inhabitant of the district and that it infringed within the district and had a regular place of business therein. When defendant waived either one of said privileges, it consented to the jurisdiction of the court for all purposes. It cannot say to the court, "We will waive the privilege of being sued within the district of which we are inhabitants" and defend upon the merits and insist, in addition, that there was no jurisdiction because of lack of proof of the second ground for jurisdiction. Having waived one of two grounds for questioning the jurisdiction, it must be held that it is in court for all purposes. Consequently the decree will be entered in the form submitted.