**SEASON–ALL INDUSTRIES, INC., a corporation, Plaintiff,**

v.

**MERCHANT SHIPPERS, a corporation, Defendant and Third-Party Plaintiff,**

v.

**BREMAN'S EXPRESS, INC., et al., Third-Party Defendants.**

**Civ. A. No. 74–264.**

United States District Court, W. D. Pennsylvania.

Nov. 21, 1974.

Paul H. Titus, Kaufman & Harris, Pittsburgh, Pa., for defendant and third-party plaintiff.

Thomas J. Reinstadler, Jr., Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for plaintiff.

Edward Goldberg and George H. Hoffman, Pittsburgh, Pa., for Breman's Express, Inc.

Gary F. Sharlock, Sharlock & Repcheck, Pittsburgh, Pa., for Baltimore & Ohio R. Co.

Aloysius F. Mahler, Pittsburgh, Pa., for Pa. R. Co., Penn Central Transp. Co.

Frederick J. Francis, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Burlington Northern, Inc.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for Alaska Railroad Co.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for Puget Sound Tug & Barge.

## OPINION

WEBER, District Judge.

Merchant Shippers, a freight forwarder, was sued by plaintiff for damages to freight consigned to it for transhipment to Alaska. Merchant Shippers, as third-party plaintiff, joined a series of connecting carriers and the delivering carrier, on a cause of action established by 49 U.S.C § 20(11) and § 20(12). These sections are known as the Carmack Amendments to the Interstate Commerce Act and are the only provisions governing a right of action between private carriers for freight damage. The remainder of the Interstate Commerce Act is concerned with the authority of the Interstate Commerce Commission in its regulation of carriers.

Third-Party Plaintiff had service of the third-party complaint effected upon third-party defendant Puget Sound Tug and Barge Company by having the United States Marshal forward the complaint to the United States Marshal in Seattle, Washington, who made personal service. Puget Sound now moves to quash this service. Merchant Shippers argue that service in such a manner is authorized by a statute of the United States, 28 U.S.C. § 2321, and therefore service is valid under Fed.R.Civ.P. 4(f).

28 U.S.C. § 2321 provides:

"The procedure in the district courts in actions to enforce, suspend, enjoin,

annul or set aside in whole or in part any order of the Interstate Commerce Commission . . . shall be as provided in this chapter.

The orders, writs, and process of the district courts may, in the cases specified in this section and in the cases and proceedings under sections 20, 23, and 43 of Title 49, run, be served, and be returnable anywhere in the United States."

▆▆ Puget Sound argues that this is not applicable to private suits between carriers, but only to matters involving the enforcement, directly or indirectly of Interstate Commerce Commission orders and regulations. After considering the language of the statute as a whole, the legislative history, and the absence of any case authority supporting such service, we agree with Puget Sound's position.

The whole of the statute authorizing such service is contained in 28 U.S.C. § 2321 through § 2325. The title to the Act as set forth in 28 U.S.C.A. is Chapter 157—Interstate Commerce Commission Orders; Enforcement and Review. The next succeeding section, § 2322, recites:

"All actions specified in section 2321 of this title shall be brought by or against the United States."

§ 2323 requires that the Attorney General of the United States represent the Government in all actions specified in § 2321 and in actions under §§ 20, 23 and 43 of Title 49, and provides for the intervention of other parties in interest to proceedings before the Commission. § 2324 provides for the stay of ICC orders by order of the district court pending determination of the action, and § 2325 provides for a three-judge court in review of ICC orders.

The entire statutory plan is designed to cover judicial review of ICC orders, or proceedings for their enforcement. There is no hint that the nationwide service of process was intended to cover the suits between private carriers authorized by the Carmack Amendment. 49 U.S.C. § 20(11) and (12). See B. F.

Goodrich Company v. Northwest Industries, Inc., 424 F.2d 1349 (3rd Cir. 1970). ·

The legislative history of 28 U.S.C. § 2321 et seq. derives through the former 28 U.S.C. § 44 from the Commerce Court Act of 1910. The Commerce Court's jurisdiction was limited to ICC orders, and when the Commerce Court was abolished in 1913, its jurisdiction was vested in the district courts, and the language covering nationwide service of orders, writs and processes of the district court in these cases was included in the transfer of Commerce Court functions to the district courts.

All of the reported cases in the United States District Courts concerning jurisdiction, venue and service of process in causes of action based on 49 U.S.C. § 20(11) and (12) have involved service of process upon a defendant outside the territorial jurisdiction of the district court by some valid means other than Sec. 2321.

In Litvak Meat Co. v. Baker, 446 F.2d 329 (10th Cir. 1971) it was held that there were sufficient contacts with Colorado to make the defendant railroad subject to service of process under the Colorado long-arm statute. In First Flight Company v. National Carloading Corp., 209 F.Supp. 730 (E.D.Tenn.1962) the court also found service to. have been made upon an acknowledged agent of the third-party defendant within the territorial limits of the court's process.

██ We agree with the third-party plaintiff's arguments and authorities that this court has subject matter jurisdiction of the cause of action asserted under 49 U.S.C. § 20(11) or (12). This jurisdiction is not exclusive, diversity jurisdiction may be employed on the common·law cause of action. See *Litvak,* supra. We also note that the venue objection is not available to a third-party defendant in an ancillary proceeding. 3 Moore's *Federal Practice* 14.25. But these factors do not give this court personal jurisdiction over a defendant un-

less a process of this court may in some manner be served upon that defendant within the requirements of federal law. First Flight Company v. National Carloading Corp., cit supra, p. 739. Ordinarily this requires the presence of an agent of a foreign corporation within the territorial limits of the state in which the district court sits, or the presence of such minimal contacts with the state in which the court sits to allow substituted service under a state statute in accordance with Fed.R.Civ.P. 4(d)(7). The second alternative has been tried here and has been rejected by our former order; there has been no attempt of service under the first alternative. No other statute of the United States has been cited and we hold 28 U.S.C. § 2321 et seq. inapplicable to a suit between private carriers. Prior to the adoption of 28 U.S.C. § 2321 and its predecessor 28 U.S.C. § 44, the Supreme Court held:

"The provisions of the (Carmack) amendment had the effect of facilitating the remedy of the shipper by making the initial carrier responsible for the entire carriage, but the amendment was not intended, as we view it, to make foreign corporations through connecting carriers liable to suit in· a district where they were not carrying on business in the sense which has heretofore been held necessary to confer jurisdiction. St. Louis S. W. Ry. v. Alexander, 227 U.S. 218, 227, 33 S. Ct. 245, 247, 57 L.Ed. 486 (1913).

From all that we have found in the subsequent decisions of cases under the Carmack Amendment, this is still the law. The service of process will be quashed.

### ORDER

And now this 21st day of November, 1974, the Motion of Third-Party Defendant Puget Sound Tug & Barge Company is granted, and service of process upon it is quashed and the action against it is dismissed.