No. 82-19

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

NOVCO, a Corp.,

           Plaintiff and Respondent,

  -vs-

HAROLD L. GRAINGER and HOWARD G. GRAINGER,

           Defendants and Respondents,

    and

HAROLD L. GRAINGER AND HOWARD G. GRAINGER,

           Third-Party Plainfiffs and Respondents,

  -vs-

ED NOVIS, individually,
           Third-Party Defendant and Respondent,

    and

SUNSET CARBURETOR AND ELECTRIC, INC., a Montana Corp.,

           Third-Party Defendant and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
John M. McCarvel, Judge presiding.

Counsel of Record:

    For Appellant:

        E. Eugene Atherton, Kalispell, Montana

    For Respondents:

        Patrick M. Springer, Kalsipell, Montana
        Jardine, Stephenson, Blewett & Weaver; Alexander
        Blewett, II, Great Falls, Montana

---

Submitted on Briefs: May 27, 1982

Decided: JUL 2 9 1982

Filed: JUL 2 9 1982

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff Novco brought an action against defendants Harold Grainger and Howard Grainger in two counts: Count I was an action on an open account for $37,557.58 for automotive parts allegedly delivered by Novco to Sunset Carburetor and Electric, Inc.; Count II was an action against Harold Grainger individually to collect on a bad check for $30,000 drawn on the account of Sunset Automotive, Inc., and signed by Douglas Wolf and Harold Grainger, upon which Grainger is alleged to be personally liable because he knew or should have known there were insufficient funds in the account to the credit of Sunset Automotive when he drew and delivered the check.

Defendants Grainger failed to appear and answer and their default was entered. This default was subsequently set aside and the Graingers filed an answer, a counterclaim and a third party complaint.

The substance of the third party complaint was that Sunset Carburetor and Electric, Inc., a corporation, and not the Graingers personally, was the real party in interest and liable to plaintiff Novco.

Third party defendant Sunset Carburetor and Electric, Inc., moved for a change of venue which the District Court denied. This appeal followed.

The sole issue on appeal is the right of third party defendant Sunset Carburetor and Electric, Inc., to a change of venue from the District Court of Cascade County to the Flathead County District Court.

Plaintiff Novco and third party defendant Sunset Carburetor and Electric, Inc., agree that the original

defendants, Harold Grainger and Howard Grainger, waived their right to challenge venue of the action by their failure to so move. Third party defendant Sunset Carburetor and Electric, Inc., contends that it has an independent right, as a third party defendant, to a change of venue of the original action because under Rule 14(a), M.R.Civ.P., it is entitled to assert against the plaintiff any defenses that defendants Grainger might have asserted.

We note that Montana statutes relating to venue contain no specific provision regarding the rights of third party defendants to object to venue. Rule 14(a), M.R.Civ.P., does provide that a third party defendant may assert against the plaintiff defenses which the third party plaintiff has to the plaintiff's claim, but this provision does not apply to motions for a change of venue.

There are two basic reasons why third party defendant Sunset is not entitled to a change of venue. First, Sunset Carburetor is not a proper party to the action. The Montana Rules of Civil Procedure do not permit a third party plaintiff to implead as a third party defendant a party who is not a party to the original proceeding and who is or may be liable to the original plaintiff. Rule 14(a), M.R.Civ.P., only permits impleader of a party who "is or may be liable" to the third party plaintiff. Secondly, we hold in accord with the federal courts that the privilege of objecting to venue in the main action is a personal privilege belonging to the defendant in the main action alone and not to a third party defendant. Brandt v. Olson (N.D. Iowa, E.D. 1959), 179 F.Supp. 363. It is generally held that a third party proceeding growing out of the same subject matter as the

main action and involving many of the same facts is ancillary to the principal action and its venue rests upon that of the principal action. Pelinski v. Goodyear Tire & Rubber Co. (N.D. Ill. 1980), 499 F.Supp. 1092; Seafood Imports, Inc. v. A. J. Cunningham Pkg. Corp. (S.D. N.Y. 1975), 405 F.Supp. 5; Season-All Industries, Inc. v. Merchant Shippers (W.D. Pa. 1974), 385 F.Supp. 517; Thompson v. United Artists Theatre Circuit, Inc. (S.D. N.Y. 1967), 43 F.R.D. 339; Bonath v. Aetna Freight Lines, Inc. (W.D. Pa. 1963), 33 F.R.D. 260; Globig v. Greene & Gust Co. (E.D. Wisc. 1960), 184 F.Supp. 530; Morrell v. United Air Lines Transport Corp. (S.D. N.Y. 1939), 29 F.Supp. 757. See also, Federal Practice and Procedure, Wright & Miller, section 1445; 3 Moore's Federal Practice, section 14.28[2]; section 9, Annot., 100 ALR2d 693, 708, and cases cited therein.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

-4-